IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALLEN DAVENPORT | § | |
| v. | § | CIVIL ACTION NO. 6:06cv16 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Allen Davenport, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The petition was filed as a Section 1983 lawsuit, but has been construed as a habeas corpus petition because Davenport challenged the legality of his parole revocation, a matter which properly sounds in habeas corpus. *See* Coleman v. Dretke, 395 F.3d 216 (5th Cir. 2004) (complaint challenging revocation of parole for failure to participate in sex offender counseling properly construed as a habeas petition).

In his original complaint, Davenport says that the provisions of Tex. Gov. Code art. 508.187 are being improperly applied to him, because he was convicted before this section was enacted. Davenport also says that he is being falsely accused of having committed an offense against a person younger than 17 years, which he did not.

In an amended petition, Davenport explains that section 508.187 authorizes the creation of a "child safety zone" and authorizes parole panels to place special restrictions on parolees convicted of offenses against children. He says that this section was applied to him although he was not

1

charged with an offense against a child. Davenport includes a series of exhibits showing that his parole was revoked because he did not attend sex offender counseling.

The Magistrate Judge ordered the Respondent to answer Davenport's petition. On November 7, 2006, the Respondent filed a motion to dismiss Davenport's petition as barred by the statute of limitations. The Respondent says that Davenport was convicted of sexual offense in 1993 and was released on parole in June of 2003, but in December of 2003 a warrant was issued directing that he be retaken. On January 26, 2004, Davenport's parole was revoked.

The Respondent says that Davenport's petition is barred by the statute of limitations and that Davenport did not challenge the revocation of his parole through the state habeas corpus procedures. The Respondent also says that Davenport's contention that he is being treated as though his victim was under 17 is "nonsensical," noting that Davenport's own exhibits contain a form in which a section applicable to child victims was left blank.

Davenport filed a response to the motion to dismiss on December 11, 2006. This response argued that the statute of imitations should run from the time that his lawsuit was construed as a habeas petition and that the order which so construed his case somehow supersedes the exhaustion requirement.

On December 19, 2006, the Magistrate Judge issued a Report recommending that the petition be dismissed based upon the expiration of the statute of limitations. The Magistrate Judge observed that the factual predicate of Davenport's claim occurred on January 26, 2004, when his parole was revoked, but that he did not sign the original complaint in this case until January 4, 2006, almost a full year after the one-year limitations period had expired. The Magistrate Judge noted that Davenport made no showing that unconstitutional state action had prevented him from bringing his petition in a timely manner, or that he could not have discovered the factual predicate of his case until a later time. The Magistrate Judge likewise concluded that Davenport had failed to show that he was entitled to have the limitations period equitably tolled. Consequently, the Magistrate Judge

recommended that the habeas corpus petition be dismissed and that Davenport be denied a certificate of appealability *sua sponte*.

Davenport filed objections to the Magistrate Judge's Report on January 3, 2007. However, these objections make no mention of the statute of limitations, the basis upon which the Magistrate Judge recommended that the petition be dismissed. Davenport's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and amended petitions, the motion to dismiss filed by the Respondent, the Petitioner's response to this motion, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Allen Davenport is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of January, 2007.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**